IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN KIMBRO,
    Petitioner,

vs.                                             Case No.: 5:12cv350/MMP/EMT

MICHAEL D. CREWS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court on Petitioner's amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 4). Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (docs. 17, 22). The court directed Petitioner to file a response to the motion to dismiss (*see* doc. 18), but he has not done so.

        The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.    BACKGROUND AND PROCEDURAL HISTORY

        The procedural background of this case is established by the state court record (docs. 17, 22).[1] Petitioner was charged in the Circuit Court in and for Bay County, Florida, Case No. 2006-CF-3113,

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (doc. 17) as supplemented (doc. 22), unless otherwise indicated. If a cited page has more than one page number, the court cites to the "Bates stamp" page number.


with one count of sexual battery on a person less than twelve (12) years of age, a capital felony (Ex. C at 5). Following a jury trial, he was convicted as charged (Ex. C at 47, Ex. D). At the conclusion of trial, the court designated Petitioner a sexual predator and sentenced him to a term of imprisonment of natural life without parole, with pre-sentence jail credit of 489 days (Ex. C at 42–46, Ex. D at 296–97).

Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D08-191 (Ex. B). Petitioner's counsel filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious arguments to support the contention that reversible error occurred in the trial court (Ex. E). Petitioner filed a pro se initial brief (Ex. F). The First DCA affirmed the judgment per curiam without written opinion on June 24, 2009 (Ex. G). Kimbro v. State, 13 So. 3d 470 (Fla. 1st DCA 2009) (Table). The First DCA denied Petitioner's motion for rehearing on August 5, 2009, and the mandate issued August 21, 2009 (Exs. I, J).

On December 30, 2009, Petitioner filed a motion for post-conviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. L at 1–10). The state circuit court denied the motion in an order rendered April 1, 2010 (*id.* at 42–45). Petitioner appealed the decision to the First DCA, Case No. 1D10-2658 (*see* Ex. L at 71). The First DCA affirmed the decision as to one claim but reversed and remanded the remaining four issues for further proceedings (*id.* at 73–75). Kimbro v. State, 41 So. 3d 1049 (Fla. 1st DCA 2010). On September 23, 2010, the circuit court rendered an amended order denying the Rule 3.850 motion (*id.* at 80–84). Petitioner again appealed to the First DCA, Case No. 1D10-5510 (Exs. K, M). The First DCA affirmed the decision per curiam without written opinion on March 28, 2011, with the mandate issuing April 26, 2011 (Exs. O, P). Kimbro v. State, 59 So. 3d 112 (Fla. 1st DCA 2011) (Table).

On March 29, 2012, Petitioner filed a second Rule 3.850 motion in the state circuit court (Ex. S). The court dismissed the motion as untimely on April 16, 2012 (Ex. T). Petitioner filed an amended motion on April 24, 2012 (Ex. U). The court construed it as a motion for reconsideration of the April 16, 2012 order and dismissed it on the ground that Petitioner failed to set forth any new information or evidence regarding the timeliness of his previous motion, and the motion failed to allege any exceptions to the time limit for filing a Rule 3.850 motion set forth in Rule 3.850(b) (Ex. V).

Petitioner filed the instant habeas action on October 19, 2012 (doc. 1 at 33, 36). He asserts the following grounds for relief:

> Ground One: "Defense counsel rendered ineffective assistance when he failed to object to the State's introduction of the alleged child victim's hearsay statements without first having followed the procedures for the admission of those hearsay statements provided by § 90.803(23), Fla. Stat. (2006)."
>
> Ground Two: "Defense counsel rendered ineffective assistance when he failed to object to the admission of the alleged victim's hearsay statements as cumulative and unduly prejudicial under § 90.403, Fla. Stat. (2006)."
>
> Ground Three: "Defense counsel rendered ineffective assistance when he failed to object to the State witness, Dr. Rachesky, improperly bolstering the credibility of the alleged child victim's allegations."
>
> Ground Four: "Defense counsel rendered ineffective assistance when he failed to properly cross-examine the State's witness, Ms. Bazemore, regarding the alleged child victim's videotaped interview statement, indicating that the child immediately reported the alleged sexual abuse to her cousin, Orlando. Defense counsel was also ineffective when he failed to question defense witness Orlando Denson regarding whether the child had reported the alleged sexual abuse to him."
>
> Ground Five: "Ineffective assistance of counsel. The cumulative effect of defense counsel's error set forth above as Grounds [one–four], deprived movant of his constitutional right to the effective assistance of counsel and a fair trial."
>
> Grounds Six, Seven, and Eight: "Trial court erred by summarily denying that defense counsel rendered ineffective assistance of counsel."

(doc. 4 at 7–13).[2]

## II. ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

---

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends the appropriate statutory trigger for the federal limitations period in this case is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review (doc. 17 at 4). Petitioner does not allege, nor do any of the claims asserted in his federal petition suggest, that any of the statutory triggers set forth in § 2244(d)(1)(B), (C) or (D) apply. Therefore, the undersigned concludes the appropriate trigger for the federal limitations period is the date Petitioner's conviction became final, pursuant to § 2244(d)(1)(A).

Petitioner's conviction became final on November 9, 2009, upon expiration of the 90-day period in which Petitioner could have filed a petition for a writ of certiorari in the United States Supreme Court.[3] The statute of limitations began to run on November 10, 2009, the day after the 90-day period expired. *See* Wainwright v. Sec'y, Dep't of Corr., 537 F.3d 1282, 1283–84 (11th Cir. 2007) (citing Fed. R. Civ. P. 6(a)); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA). Petitioner had one year from that date, or until November 10, 2010, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run)

---

[3] Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the day of the event that triggers the time period is excluded from the calculation, and the last day of the period is included, so the 90–day period expired on November 9, 2009.

Case No.: 5:12cv350/MMP/EMT

(citing Ferreira, 494 F.3d at 1289 n.1). Petitioner did not file his federal petition on or before that date; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). Starting on November 10, 2009, the federal limitations period ran for **50 days** until Petitioner filed a Rule 3.850 motion on December 30, 2009. The Rule 3.850 motion tolled the limitations period until April 26, 2011, the date of the First DCA's mandate affirming the lower court's decision denying the motion. *See* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court).

On March 29, 2012, Petitioner filed a second Rule 3.850 motion in the state circuit court. However, that motion, did not toll the limitations period, because it was dismissed as untimely and, therefore, not "properly filed." *See* Pace v. DeGuglielmo, 544 U.S. 408, 414, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) ("When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."). By the time Petitioner filed his federal habeas petition on October 19, 2012, the federal limitations had expired (**50 + 541 = 591 days**). Petitioner's federal habeas petition was thus untimely.

Petitioner does not assert any grounds for equitable tolling of the limitations period; nor does he argue he is entitled to review of his claims through any recognized exception to the time bar. Therefore, the § 2254 petition should be dismissed with prejudice as time-barred.

III.   CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542

(2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (doc. 17) be **GRANTED**.

2. That the amended petition for writ of habeas corpus (doc. 4) be **DISMISSED** with prejudice as untimely.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 15th day of October 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**